UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DAVID ANTHONY FALLON,

        Plaintiff,      CIV. S-05-2355 FCD PAN PS

  v.

THE UNITED STATES FEDERAL          ORDER
COMMUNICATIONS COMMISSION,

        Defendant.

-o0o-

Plaintiff shall show cause in writing on or before January 6, 2006, and appear before this court Wednesday, January 11, 2006, at 9:00 a.m., in Courtroom 25, to show cause why sanctions should not be imposed upon him pursuant to Fed. R. Civ. P. 11 for his repeated filing of frivolous complaints.  Orders to show cause imposing the same deadlines are also being issued in <u>Fallon v. United States Government, Amtrak Rail Lines</u>, CIV. S-05-2139 DFL PAN PS, and <u>Fallon v. Pacific Laboratories, Inc.</u>, CIV.

S-05-2289 MCE PAN PS.

This is one of the 18 cases plaintiff has filed in this court since March 2005, and one of the seven cases assigned to this magistrate judge.  In this case, plaintiff has filed a standard application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  While plaintiff's affidavit demonstrates that because of poverty he cannot pay or give security for court costs and still be able to provide himself with the necessities of life, see Adkins v. E.I. Dupont de Nemours & Co., 335 U.S. 331, 339 (1948), plaintiff's complaint, like his others, is frivolous.

The complaint, which is typed, seeks twenty million dollars from defendant FCC for its failure to make available to the general public through retail sale a "Custom Privatly Manifactured Computer to Printer/Printer Set-up, opernation, or Printer Operation, or Fax to Computer (custom) Disket Programing Set Ups" [sic].

Federal Rule of Civil Procedure 11(a) requires that "[e]very pleading, written motion, and other paper . . ., if the party is not represented by an attorney, shall be signed by the party."  The signature serves as a representation to the court that, "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the paper is not offered for an improper or harassing purpose, is warranted by "existing law or by a nonfrivolous argument," and contains allegations or denials of factual contentions with evidentiary support.  Fed. R. Civ. P.

2

1 | 11(b).

2 |      The court may on its own initiative enter an order
3 | describing a party's specific conduct that appears to violate
4 | subdivision (b) and direct the party to show cause why he has not
5 | violated that provision.  Fed. R. Civ. P. 11(c)(1)(B).  If, after
6 | notice and a reasonable opportunity to respond, the court
7 | determines subdivision (b) has been violated, the court may
8 | impose an appropriate sanction.  Fed. R. Civ. P. 11(c).
9 | Sanctions "shall be limited to what is sufficient to deter
10 | repetition of such conduct or comparable conduct by others
11 | similarly situated."  Fed. R. Civ. P. 11(c)(2).  Sanctions may
12 | include directives of a nonmonetary nature and imposition of a
13 | monetary penalty.  Id.

14 |      Plaintiff has inundated this court with proposed
15 | complaints asserting frivolous allegations.  See Nietzke v.
16 | Williams, 490 U.S. 319, 327-28 (1989) (a complaint is frivolous
17 | under 28 U.S.C. § 1915 if it contains "fanciful factual
18 | allegations" and "inarguable legal conclusion[s]").  While this
19 | complaint is typed, the court has spent hours attempting to
20 | decipher plaintiff's handwritten notes and illustrations; now
21 | that the words are easily decipherable it is even more clear
22 | their message is frivolous.  Conservation of judicial resources
23 | requires that plaintiff be deterred from filing additional
24 | frivolous pleadings.  Accordingly, plaintiff shall show cause in
25 | writing on or before January 6, 2006, and appear before this
26 | court Wednesday, January 11, 2006, at 9:00 a.m., in Courtroom 25,

to show cause why sanctions should not be imposed upon him pursuant to Fed. R. Civ. P. 11.  Failure to respond in writing to this order or to appear at the hearing may result in additional sanctions.

      So ordered.

      Dated:   December 12, 2005.

                                  /s/ Peter A. Nowinski
                                  PETER A. NOWINSKI
                                  Magistrate Judge